UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Not Present                               Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANT CARMAX AUTO SUPERSTORES CALIFORNIA, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE PORTIONS OF THE COMPLAINT PURSUANT TO FRCP 12(f) (Dkt. 8-1 & 9-1, filed December 1, 2014)

The court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of January 26, 2015 is vacated, and the matter is hereby taken under submission.

**I.     INTRODUCTION**

This action arises from the purchase of a used Mercedes-Benz by plaintiff Kathleen M. Gomez ("plaintiff") from defendant CarMax Auto Superstores California, LLC ("defendant" or "Carmax"). On October 7, 2014, plaintiff filed a complaint against Carmax and Does 1 through 10, inclusive, in the Los Angeles County Superior Court for: (1) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq. (equitable and injunctive relief only); (2) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (3) violation of the federal Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1988(b); (4) violation of the California Vehicle Code, Cal. Veh. Code §§ 5901(b), 11713(a), 11713(n), & 9993; and (5) fraud and deceit.[1] Dkt. 1-1 ("Cmplt.").

---

[1] The caption of the complaint does not include the claims for violation of the Motor Vehicle Information and Cost Savings Act and violation of the California Vehicle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

On November 21, 2014, defendant removed the action to this court. Dkt. 1. On December 2, 2014, defendant moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and to strike portions of the complaint pursuant to Fed. R. Civ. P. 12(f). Dkt. 8-1 & 9.1.[2] On December 1, 2014 and January 5, 2015, respectively, defendant filed two requests for judicial notice. Dkt 10 & 13. On December 8, 2014, plaintiff filed an opposition to the motion to dismiss and the motion to strike. Dkt. 14. For the reasons stated below, the court GRANTS the motion to dismiss with leave to amend and DENIES AS MOOT the motion to strike.

## II.     FACTUAL BACKGROUND

Plaintiff asserts that defendant "represented to [her] in its internet advertisements, website statements, and radio advertisements that [it] sells its vehicles as 'certified'" and "performs a 'rigorous' 125 point inspection on the vehicles." Cmplt. ¶ 65. She acquired three vehicles from defendant, the last of which (a used 2003 Mercedes-Benz SL500 purchased on September 22, 2013) is the subject of this action. Id. ¶¶ 6, 10.

Plaintiff first avers that defendant "did not provide [her] with a completed inspection report that indicated all components inspected on the Mercedes" as required prior to selling a vehicle as "certified" pursuant to Cal. Veh. Code § 11713.18(a)(6). Id. ¶ 7. She claims that she "would not have purchased the ... vehicle if [it] was not certified." Id.

Further, plaintiff asserts that defendant misrepresented the vehicle's condition by stating that it was "certified, inspected, in good condition and had a clean vehicle history," when in fact it "could not legally be called certified," and "any inspection would reveal [it] was accident damaged and defective." Id. at 70. Plaintiff alleges having "numerous problems" with the vehicle, including with the suspension. Id. ¶ 8.

---

Code. Further, the caption lists "fraud and deceit" as the third, not the fifth, claim.

[2] Dkt. 8-1 and Dkt. 9-1 appear to be identical pleadings containing a joint memorandum on both plaintiff's motion to dismiss and her motion to strike. For the convenience of the reader, the court will cite only to Dkt. 8-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

Also, plaintiff avers, on information and belief, that "there may be a mileage inconsistency in the history of the vehicle." Id. ¶ 17. She alleges that on November 6, 2002, CarFax reported the vehicle as having 2,252 miles, but that "[n]early two years later, on August 9, 2014, ... CarFax report[ed] the vehicle [as] having 1,982 miles—270 miles less than the previous reporting."[3] Id.

Indeed, plaintiff asserts that before she purchased the vehicle, Mauricio Trelles, one of defendant's sales consultants, showed her an AutoCheck Vehicle History Report that "indicated the mileage discrepancy." Id. ¶ 18. She claims that when she asked to speak with a manager, the manager – whose name she cannot remember – "blamed the Department of Motor Vehicles for the mileage inconsistency." Id.

### III. LEGAL STANDARD

#### A. MOTION TO DISMISS

Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51

---

[3] Because plaintiff did not purchase the vehicle until 2013, and because 2002 is twelve – not two – years before 2014, the reference to "November 6, 2002" appears to be a typographical error. The first CarFax report may, in fact, be dated November 6, 2012.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Moreover, as a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. REQUESTS FOR JUDICIAL NOTICE

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir.1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Fed. R. Evid. 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). A "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within [its] territorial jurisdiction; or (2) can be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b). Here, defendant has filed two unopposed requests for judicial notice of a total of sixteen orders from cases filed by plaintiff's counsel against defendant in the district courts of California that hold defendant's vehicle inspection reports sufficient to comply with Cal. Veh. Code § 11713.18(a)(6). Dkt 10 & 13. Because the documents are court records not subject to reasonable dispute, and because defendant's requests for judicial notice are unopposed, the court takes judicial notice of the documents.

### C.   MOTION TO STRIKE

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Rule 12(f), the court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The court may also strike under Rule 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## IV.   ANALYSIS

### A.   MOTION TO DISMISS

#### 1.   First and Second Claims for Violation of the CLRA and UCL

Plaintiff contends that defendant violated the CLRA and UCL when it advertised, sold, and labeled the vehicle as "certified" without giving plaintiff, prior to sale, "a completed inspection report indicating all the components [defendant] inspected to meet the terms of [its] used vehicle certification program." Cmplt. ¶¶ 29, 43. She also takes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

issue with the fact that defendant sold the vehicle as "certified" in spite of its "mileage inconsistency," and did not provide a "title inscription indicating the inaccuracy of the odometer" as required by Vehicle Code § 11713.18(a)(3), an "accurate Odometer Disclosure Statement," or some other form of disclosure. Id.

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). Conduct "likely to mislead a reasonable consumer" violates the CLRA. Colgan v. Leatherman Tool Group, Inc., 135 Cal. App. 4th 663, 680 (2006) (quoting Nagel v. Twin Labs., Inc., 109 Cal. App. 4th 39, 54 (2003)).[4] "The UCL prohibits 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.'" Stearns v. Select Comfort Retail Corp., No. 08-2746 JF (PVT), 2010 WL 2898284, *16 (N.D. Cal. July 21, 2010) (quoting Cal. Bus. & Prof. Code § 17200). "'An act can be alleged to violate any or all of the three prongs of the UCL – unlawful, unfair, or fraudulent.'" Id. (quoting Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (2007)).

Plaintiff asserts that because defendant's conduct violates the Vehicle Code and the CLRA, it constitutes an unlawful practice under the UCL. Cmplt. ¶ 42. Plaintiff's UCL claim accordingly rises or falls with her Vehicle Code and CLRA claims.[5]

---

[4] A "reasonable consumer" is an "ordinary consumer acting reasonably under the circumstances," who "is not versed in the art of inspecting and judging a product, [or] in the process of its preparation or manufacture. . . ." Id. (citing 1A Callman on Unfair Competition, Trademarks, and Monopolies § 5:17 (4th ed. 2004)).

[5] See Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 838 (2006) ("We rejected [the plaintiff's] claims that Honda's conduct violated [the] Magnusson-Moss [Act] and the CLRA. Consequently, [the plaintiff] cannot state a violation of the UCL under the 'unlawful' prong predicated on a violation of either statute, as there were no violations"); see also Kowalsky v. Hewlett-Packard Co., 771 F. Supp. 2d 1156, 1162 (N.D. Cal. 2011) ("Because the Court found that Plaintiff stated a UCL claim under the unlawful prong only based upon violations of the CLRA, Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

### a. Whether the CLRA and UCL Claims Are Subject to the Heightened Pleading Requirements of Rule 9(b)

Defendant urges the court to dismiss plaintiff's CLRA and UCL claims because she does not "plead the facts with specificity in order to satisfy the CLRA's heightened pleading requirements." Dkt. 8-1 at 9. Claims alleging violations of the CLRA and UCL based on fraud must satisfy Fed. R. Civ. P. 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) ("The CLRA prohibits 'unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale of ... goods or services to any consumer.' ... [W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA"); In re Toyota Motor Corp. Unitended Acceleration Mktg., Sales Practices, and Prods. Liab. Litig., 754 F. Supp. 2d 1145, 1170 n.17 (C.D. Cal. 2010) (stating that both CLRA and UCL claims had to be pled with the particularity required by Rule 9(b) because "fraud [was] an essential element of the claims").

In determining whether a CLRA or UCL claim sounds in fraud, the court examines whether the claim alleges "a unified course of fraudulent conduct" and "rel[ies] on that course of conduct as the basis of that claim." Swift v. Zynga Game Network, Inc., No. C 09–05443 SBA, 2010 WL 4569889, *7 (N.D. Cal. Nov. 3, 2010) (citing Kearns, 567 F.3d at 1124).

> While fraud is not a necessary element of a claim under the CLRA and UCL, a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct. A plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b)."

Kearns, 567 F.3d at 1125 (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003)).

---

unlawful prong claim depends upon his ability to state a claim under the CLRA").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

Here, the CLRA claim alleges that defendant misleadingly promoted the vehicle as "certified," that it offered "false representations - or at best half-truths - about the ... vehicle's condition," that plaintiff relied on the misrepresentations and omissions in deciding to purchase the vehicle, and that she was "harmed and damaged by [defendant's] representations." Cmplt. ¶¶ 30, 31. The CLRA claim seeks punitive damages on the grounds that defendant's "use of the term certified ... defrauds and cheats ... consumers." Id. ¶ 34. Likewise, the UCL claim alleges that defendant violated the prohibition on "deceptive practices, including the laws of fraud and deceit," that its "deceptive policies and practices ... are likely to and/or have deceived Plaintiff," that it "engaged in 'fraudulent' business practices," and that it "has engaged in, and continues to engage in, the same form of deceptive acts and practices." Id. ¶¶ 42, 45, 46

Plaintiff's claims under the CLRA and UCL sound in fraud because she alleges an injury resulting from reliance on intentional misrepresentations and omissions. She must therefore meet the requirements of Rule 9(b) to state a claim against defendant.

### b.     Whether the CLRA and UCL Claims Satisfy Rule 9(b)

Under federal pleading standards, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge[.]" Vess, 317 F.3d at 1106 (emphasis added and internal citations omitted). "To avoid dismissal for inadequacy under Rule 9(b)," a "complaint [must] 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (quoting Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1989), and Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).[6]

---

[6] See also In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297 (C.D. Cal. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

    Conclusory allegations are insufficient, and the facts constituting the fraud must be alleged with specificity. See Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer to the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient" (citation omitted)).[7] When a claim rests on a fraudulent omission, the Rule 9(b) standard is somewhat relaxed because "a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act." Huntair, Inc. v. Gladstone, 774 F. Supp. 2d 1035, 1044 (N.D. Cal. 2011) (citing Washington v. Baenziger, 673 F.Supp. 1478, 1482 (N.D. Cal. 1987)).

    Nonetheless, a plaintiff alleging a fraudulent omission or concealment must plead the claim with particularity. See Bias v. Wells Fargo & Co., F. Supp. 2d , 2013 WL

---

[7] See also Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) ("Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.' 'To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong,'" citing Edwards, 356 F.3d at 1066, and Bly-Magee v. Cal., 236 F.3d 1014, 1019 (9th Cir. 2001)); Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (to satisfy Rule 9(b), "the complaint [must] identif[y] the circumstances of the alleged fraud so that defendants can prepare an adequate answer" (internal quotation marks omitted)); Flowers v. Wells Fargo Bank, N.A., No. C 11–1315 PJH, 2011 WL 2748650, *6 (N.D. Cal. July 13, 2011) (explaining that "[f]raud allegations must be specific enough to give defendants notice of the particular misconduct that is alleged to constitute the fraud so that they can defend against the claim. For corporate defendants, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written" (citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

1787158, *12 (N.D. Cal. Apr. 25, 2013) ("Although Plaintiffs' allegations do allege a fraud based in part on omissions, a plaintiff must still plead such claim with particularity," citing Kearns, 567 F.3d at 1126 ("Because the Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)").[8]

    Specifically, a plaintiff must "set forth an explanation as to why [the] omission complained of was false and misleading" to satisfy Rule 9(b). Bias, 2013 WL 1787158 at *12 (citing In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1548). "[T]o plead the circumstances of omission with specificity, plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." Eisen, 2012 WL 84109 at *3 (citing Marolda, 672 F. Supp. 2d at 1002).

### a. Whether Plaintiff's Allegations of Affirmative Misrepresentations Satisfy the Heightened Pleading Standard

    Plaintiff asserts that defendant misrepresented that "it performs a 'rigorous' 125 point inspection," that "the odometer disclosure of the ... vehicle was accurate," and that the vehicle was "certified" because defendant did not provide "a completed inspection report that indicated all components inspected," and "any inspection would reveal the vehicle was accident damaged and defective." Cmplt. ¶¶ 7, 65, 70. Defendant argues

---

[8] See also Marolda v. Symantec Corp., 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009) ("The Ninth Circuit has recently clarified that claims of nondisclosure and omission, as varieties of misrepresentations, are subject to the pleading standards of Rule 9(b)")); see also Eisen v. Porsche Cars N. Am., Inc., No. CV 11–9405 CAS, 2012 WL 841019, *3 (C.D. Cal. Feb. 22, 2012) ("Although claims based on an alleged fraudulent omission or concealment can succeed without the same level of specificity required by a normal fraud claim ... the contention that ... nondisclosure claims need not be pleaded with particularity is unavailing" (internal quotation marks and citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

that plaintiff does not plead the "'who,' 'where,' 'when,' 'how' and, most importantly, the 'what' of the CLRA, UCL and fraud claims, much less specifically as FRCP 9 requires." Dkt. 8-1 at 3-4. Plaintiff offers no meaningful rebuttal to this argument.

In Kearns, the Ninth Circuit applied Rule 9(b) to CLRA and UCL claims that alleged fraud in the sale of certified pre-owned vehicles. Ford Motor Company ("Ford") represented that it put the pre-owned vehicles it sold through a rigorous inspection to certify that their safety, reliability, and road-worthiness surpassed that of non-certified used vehicles. Kearns, 567 F.3d at 1122-23. Ford promoted the program through print, broadcast, online, and other media; local dealerships were responsible for the sale and servicing of the vehicles. Id. at 1123. Plaintiffs asserted that Ford made false and misleading statements concerning the safety and reliability of the vehicles.

More specifically, the plaintiffs in Kearns alleged that Ford misrepresented the quality of the complete repair and accident-history report, the level of training that inspecting technicians received, and the rigor of the certification process. Id. They asserted that they were exposed to Ford's representations through its televised national marketing campaign, sales materials at the dealership where they bought their vehicles, and sales personnel working at the dealership. Id. at 1125-26. The Ninth Circuit, reviewing the complaint de novo, held that the allegations were not sufficiently particular:

> Kearns fails to allege in any of his complaints the particular circumstances surrounding such representations. Nowhere in the [complaint] does Kearns specify what the television advertisements or other sales material specifically stated. Nor [does] Kearns specify when he was exposed to them or which ones he found material. Kearns also fail[s] to specify which sales material he relied upon in making his decision to buy a CPO vehicle. Kearns does allege that he was specifically told 'CPO vehicles were the best used vehicles available as they were individually hand-picked and rigorously inspected used vehicles with a Ford-backed extended warranty.' Kearns does not, however, specify who made this statement or when this statement was made. Kearns fail[s] to articulate the who, what, when,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

> where, and how of the misconduct alleged. The pleading of these neutral facts fails to give Ford the opportunity to respond to the alleged misconduct. Accordingly, these pleadings do not satisfy the requirement of Rule 9(b) that 'a party must state with particularity the circumstances constituting fraud ....' Because Kearns failed to plead his averments of fraud with particularity, we affirm the district court's dismissal of his [complaint].

Id. at 1126.

    Kearns controls the assessment of plaintiff's complaint here. First, much as the plaintiff in Kearns failed to allege with specificity when specific fraudulent statements were made, plaintiff fails to plead when she saw and heard the "internet advertisements, website statements, and radio advertisements" she contends were misleading. See Cmplt. ¶ 65. Her complaint states only that at some point in time "[p]rior to purchasing the ... vehicle from [defendant], [she] saw [defendant]'s advertisements stating [defendant] sold certified vehicles." Id. ¶ 10. She gives no hint of when she heard the radio advertisements.

    Nor does plaintiff plead with particularity what defendant represented concerning the vehicle's quality aside from the fact that it was certified. As a result, the Court cannot discern whether its suspension and "mileage inconsistency" problems contradicted defendant's representations. Plaintiff does allege that before she purchased the vehicle, Mauricio Trelles, one of defendant's sales consultants, showed her an AutoCheck Vehicle History Report that "indicated the mileage discrepancy," and a manager – whose name she cannot remember – "blamed [it on] the Department of Motor Vehicles." Id. ¶ 18. She does not, however, claim that their statements were false.

    Because plaintiff does not plead the affirmative misrepresentations that underlie her CLRA and UCL claims with particularity, her allegations are deficient under Rule 9(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

> **b.     Whether Plaintiff's Allegations of Omissions State a Claim under the CLRA and UCL**

Plaintiff asserts that defendant "intentionally failed to disclose" and "actively concealed important facts related to the ... vehicle's condition ... by failing to provide ... a completed inspection report that indicated all components inspected[.]"  Cmplt. ¶ 72. Defendant argues that her claims based on nondisclosure fail because she has not shown a duty to disclose any defects in the vehicle.  Dkt. 8-1 at 10-11.

For an omission to be actionable under the CLRA or UCL, it must be either "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obligated to disclose." Daugherty, 144 Cal. App. 4th at 835-36.  This is because "a failure to disclose a fact one has no affirmative duty to disclose is [not] 'likely to deceive' anyone within the meaning of the UCL."  See id. at 838.

Plaintiff posits that defendant had a duty to disclose the defects in her vehicle under Cal. Veh. Code § 11713.18.  See Cmplt. ¶ 67.  Defendant denies that this section imposes a "duty to provide more than a list of all the components inspected," such as a duty to disclose any defects found during the inspection.  Dkt. 8-1 at 10-11.  It contends that its inspection report satisfies § 11713.18(a)(6) and therefore meets its duty.  Id.

Plaintiff has not sufficiently pled that defendant had a duty to provide her with a § 11713.18 report because under Rule 9(b), she has not specifically pled who, where, when, how, and what defendant told her about the certification of the vehicle, and has not alleged facts showing that the "certified" label signified the car was free of defects.  Thus, the court dismisses her CLRA and UCL claims based on fraudulent omissions.[9]

---

[9]  Accordingly, the Court need not reach the argument that plaintiff has not adequately pled damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

### 2. Fifth Claim for Fraud and Deceit

To plead a fraud claim based on affirmative misrepresentations, a plaintiff must allege (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance; and (4) resulting damages. Croeni v. Goldstein, 21 Cal. App. 4th 754, 758 (1994). To plead a fraud claim based on fraudulent omissions, a plaintiff must allege that: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact; (3) the defendant intentionally concealed or suppressed the fact with intent to defraud; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression, the plaintiff sustained damage. See Hahn v. Mirda, 147 Cal. App. 4th 740, 748 (2007).

Plaintiff's fraud claim is based on: (1) defendant's false and misleading advertising of its vehicles as certified; and (2) its concealment of the results of the inspection of her vehicle. Both plaintiff's fraud claim based on false or misleading advertising and her fraud claim based on fraudulent concealment fail for the same reasons as her CLRA and UCL claims. First, plaintiff does not plead with particularity when she saw or heard the advertisements, and what they said that was false or misleading. Further, plaintiff does not show that defendant had a duty to disclose the results of the inspection of her vehicle beyond providing the list of components inspected pursuant to Cal. Veh. Code § 11713.18. Accordingly, the court dismisses the fraud claim.

### 3. Third Claim for Violation of the Motor Vehicle Information and Cost Savings Act

Plaintiff asserts, on information and belief, that the vehicle "may" have a "mileage inconsistency" because CarFax reported it as having lower mileage in 2014 than it had two years earlier. Cmplt. ¶ 17. However, she admits that before she purchased the vehicle, a sales consultant showed her an AutoCheck Vehicle History Report that "indicated the mileage discrepancy." Id. ¶ 18. Even so, she avers that defendant, "in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

making odometer disclosures, gave false statements to a transferee in violation of 15 U.S.C. Section 1988(b) and 49 C.F.R. Section 580.4."[10] Cmplt. ¶ 51.

In its motion to dismiss, defendant argues that to the extent that this claim is based on the same "odometer inconsistency" allegations as the CLRA and UCL claims, it fails for the same reasons: the claim is vague, does not show that the odometer was inaccurate at the time of the purchase, and contains an admission than defendant informed plaintiff of the "odometer inconsistency" before the sale. Dkt. 8-1 at 20-21. Plaintiff's response to defendant's motion does not address her Motor Vehicle Information and Cost Savings Act claim.

"A person may bring a civil action to enforce a claim under [the Odometer Act.]" 49 U.S.C. § 32710(b). However, "the private right of action ... is limited to allegations of fraud relating to a vehicle's mileage." Bodine v. Graco, Inc., 533 F.3d 1145, 1147 (9th Cir. 2008). Thus, to survive a motion to dismiss, a plaintiff "must allege that the defendant violated the Odometer Act with intent to defraud as to mileage." Id. at 1151.

Here, plaintiff does not allege facts showing an intent to defraud because plaintiff not only does not point to any affirmative misrepresentations or fraudulent omissions as to mileage, but pleads that defendant, in fact, disclosed the existence of a mileage inconsistency prior to the sale. Thus, the court dismisses her Motor Vehicle Information and Cost Savings Act claim.

---

[10] "The 'Motor Vehicle Information and Cost Savings Act,' which was codified at 15 U.S.C. §§ 1981-1991, was repealed by Pub. L. No. 103-272, § 7(b), 108 Stat. 1379 (1994). Its successor ... , 49 U.S.C. 32701 et seq., is located in Chapter 32 of Title 49 of the United States Code, which is titled 'Odometers.'" Palmer v. Web Indus. Inc., No. CV 04-2362-PCT-SMM, 2007 WL 45927, *1 (D. Ariz. Jan. 8, 2007). The statute is sometimes referred to as the "Odometer Act." See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

### 4. Fourth Claim for Violation of the California Vehicle Code

Plaintiff asserts that defendant violated the California Vehicle Code when it: (1) "in making an odometer disclosure, gave false or inaccurate statements of mileage to a transferee with the intent to defraud" in violation of Cal. Veh. Code § 5901(b); (2) "made untrue and misleading statements regarding the mileage and the condition on [sic] the vehicle" in violation of § 11713(a); (3) "violate[d] the provisions of the odometer law" in violation of § 11713(n); and (4) "respond[ed] in an untrue or misleading manner to an[] inquiry of a purchaser" in violation of § 9993. Cmplt. ¶ 61.

The motion to dismiss argues that these allegations "are in effect a list of citations to the California Vehicle Code without any supporting facts ... and certainly none that satisf[y] the fraud pleading requirements of FRCP 9." Dkt. 8-1 at 21. Defendant notes that "there are insufficient facts to show that [it] made any misrepresentations regarding the odometer or mileage to plaintiff." Id. It also argues that plaintiff does not allege "how it violated" the odometer and misleading inquiry provisions. Once again, plaintiff's response does not address the claim.

First, while the parties do not brief the issue, it is not clear that Cal. Veh. Code §§ 5901(b) (which governs notice by dealers), 11713 (which bans unlawful acts by dealers), and 9993 (which bars misrepresentations to purchasers) confer direct private rights of action. The Court has found that, while the Department of Motor Vehicles litigates enforcement actions <u>directly</u> under these sections, private plaintiffs use them as grounds to state <u>derivative</u> claims for fraud or violations of remedial statutes including the CLRA and UCL.

Assuming such private rights of action exist, the claims fall short. As explained in greater detail above, plaintiff does not plead fraud with specificity as required by Rule 9(b), does not show that defendant violated a duty to make disclosures regarding the condition of the vehicle beyond providing the list of components inspected pursuant to § 11713.18, and does not demonstrate that the odometer was inaccurate or that defendants concealed any "mileage inconsistency." Like her four prior claims, the claim for Vehicle Code violations must be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09019-CAS(PLAx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

## V. CONCLUSION

For the reasons explained above, the court GRANTS the motion to dismiss with leave to amend in order to afford plaintiff an opportunity to remedy the defects in her complaint. Plaintiff shall have until **February 23, 2015** to file an amended complaint addressing the deficiencies identified herein. If plaintiff fails to do so, the Court will dismiss the action with prejudice. The court DENIES the motion to strike as moot.

IT IS SO ORDERED.

00 : 00

Initials of Preparer CMJ