UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-09019-CAS-PLA | **JS-6** | Date | April 30, 2015 |
|---|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) RESPONSE TO PARTIES' SUBMISSIONS REGARDING SUBJECT MATTER JURISDICTION; ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT

## I. INTRODUCTION

This action arises from the purchase of a used Mercedes-Benz by plaintiff Kathleen M. Gomez ("plaintiff") from defendant CarMax Auto Superstores California, LLC ("Carmax" or "defendant"). On October 7, 2014, plaintiff filed a complaint in Los Angeles County Superior Court against Carmax and Does 1 through 10 for: (1) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq.; (2) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; (3) violation of the federal Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1988(b); (4) violation of Cal. Veh. Code §§ 5901(b), 11713(a), 11713(n), & 9993; and (5) fraud and deceit. Dkt. 1-1. On November 21, 2014, CarMax removed the action to this Court on grounds of federal question and diversity jurisdiction. Dkt. 1.

On February 23, 2015, plaintiff filed a Second Amended Complaint ("SAC") in this Court, alleging only state law claims. On March 12, 2015, CarMax filed a motion to dismiss the SAC, a motion to strike portions of the SAC, and a request for judicial notice. Dkts. 19–21. On April 15, 2015, the Court ordered the parties to brief whether this Court has original subject matter jurisdiction over the action, now that the only federal claim has been dismissed. Dkt. 24. The parties filed responses to that order to show cause on April 21, 2015. Dkts. 25–27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-09019-CAS-PLA   **JS-6** | Date | April 30, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

## II. DISCUSSION

In general, federal jurisdiction exists when a claim (1) arises under the Constitution and laws of the United States, or (2) arises between citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. If a federal court determines that it does not have subject matter jurisdiction over a removed action at any time before final judgment, the court must remand the action. See 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction falls on the removing defendant. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

CarMax argues that this Court has diversity jurisdiction over the action. In order to establish diversity jurisdiction under 28 U.S.C § 1332(a)(1), the removing defendant must first demonstrate that the action is between "citizens of different States." Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." The notice of removal states that both CarMax (a limited liability company) and its sole member (a corporation) are incorporated and organized under the laws of Virginia, and that both have their principal places of business in Virginia. Dkt. 1 at 4. Plaintiff alleges that she is a California resident. SAC ¶ 1. Plaintiff does not appear to contest that complete diversity exists, and the Court concludes that it does.

As stated, the amount in controversy must exceed $75,000 to confer diversity jurisdiction. 28 U.S.C. § 1332(a). "It has long been the rule that jurisdiction in a diversity case is determined at the time of removal." Am. Dental Indus., Inc. v. EAX Worldwide, Inc., 228 F. Supp. 2d 1155, 1157 (D. Or. 2002) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938)). "In other words, if the court has jurisdiction at the time of removal, it is unaffected by subsequent acts." Id. When the complaint is unclear as to this amount, the defendant must show by a preponderance of the evidence that the requisite amount is at stake. Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 860 (9th Cir. 1996). The court may look to the defendant's factual statements in its notice of removal when assessing the amount in controversy. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). However, conclusory allegations of an amount, unsupported by facts, are insufficient to meet the removing party's burden. Gaus v. Miles, 980 F.2d 564, 567 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-09019-CAS-PLA | **JS-6** | Date | April 30, 2015 |
|---|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | | |

Analyzing each category of relief cited by CarMax, the Court concludes that CarMax has not met its burden of showing that this action places more than $75,000 in controversy. First, the Court concludes that the actual damages in this case are equal to the sale price of the car, plus any taxes and fees payable at purchase. See Lee v. CarMax Auto Superstores California, LLC, No. 13-CV-7648, slip op. at 2 (C.D. Cal. Apr. 27, 2014) (Dkt. 27-6 Ex. 5). According to the sale contract for the subject vehicle, the sale price plus taxes and fees totals $38,791, placing this amount of actual damages in controversy. Dkt. 25 Ex. A.[1]

Next, defendant alleges that over $76,000 is placed into controversy by plaintiff's request for attorneys' fees, based on anticipated fees through the conclusion of this case. The Ninth Circuit has not decided whether attorneys' fees must be measured at the time of removal or whether possible future fees may form a part of the amount in controversy, and the district courts are split on that question. See Reames v. AB Car Rental Servs., Inc., 899 F. Supp. 2d 1012, 1020 (D. Or. 2012) (collecting cases). However, the "nascent consensus" emerging within the circuit is that only attorneys' fees incurred until removal count for diversity jurisdiction purposes. Id. This Court agrees with this view that attorneys' fees incurred after removal are not to be included when determining the amount in controversy, which is consonant with the general rules that this amount is determined at the time of removal and must not be too speculative. See Lee, No. 13-CV-7648, slip op. at 5; see also Perez v. CarMax Auto Superstores California, LLC, No. 13-CV-2886, 2014 WL 338838, at *2 (S.D. Cal. Jan. 28, 2014); Salang v. CarMax Auto Superstores California, LLC, No. 13-CV-870, 2014 WL 334466, at *2 (S.D. Cal. Jan. 28, 2014); Stelzer v. CarMax Auto Superstores Cal., LLC, No. 13-CV-1788, 2013 WL 6795615, at *6 (S.D. Cal. Dec. 20, 2013); Wastier v. Schwan's Consumer Brands, No. 07-CV-1594, 2007 WL 4277552, at *3 (S.D. Cal. Dec. 5, 2007). Plaintiff avers that her

---

[1] Plaintiff argues that this amount is no longer in controversy because the subject vehicle has been returned to CarMax for a full refund. Dkt. 25 at 1. However, this return did not occur until after the case was removed, and only events up to the time of removal are relevant to determining diversity jurisdiction. See St. Paul Mercury Indemnity Co., 303 U.S. at 292 ("[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-09019-CAS-PLA | **JS-6** | Date | April 30, 2015 |
|---|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | | |

attorneys' fees up to the point of removal total $5,000, and the Court finds this estimate reasonable. This additional $5,000 brings the total amount in controversy to $43,791.

Third, plaintiff requests punitive damages, which defendant estimates could total $123,523. Dkt. 27 at 4. Defendant calculates this figure by multiplying its alleged actual damages of $61,761.20 (which the Court has already determined to be inflated) by the "conservative" factor of two. Id. When punitive damages form a significant portion of a putative amount in controversy, however, the court should "scrutinize a claim . . . more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed." Lange v. State Farm Mut. Auto. Ins. Co., No. 08-CV-1466, 2009 WL 322835, at *1 (C.D. Cal. Feb 9, 2009) (alteration in original; internal quotation marks omitted) (quoting McCorkindale v. Am. Home Assurance Co., 909 F. Supp. 646, 655 (N.D. Iowa 1995)). Accordingly, a removing defendant relying on punitive damages to establish the amount in controversy "must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000." Burk v. Med. Sav. Ins. Co., 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Courts in this circuit have commonly looked to recovery in similar cases to determine whether a defendant has met this burden. See, e.g., Geller v. Hai Ngoc Duong, No. 10-CV-1876, 2010 WL 5089018, at *2 (S.D. Cal. Dec. 7, 2010) (remanding after defendants provided no evidence of analogous cases); Thomas v. Standard Ins. Co., No. 09-CV-02121, 2010 WL 994507, at *3 (D. Ariz. Mar. 17, 2010) (considering analogous jury verdicts); Nguyen v. Hartford Cas. Ins. Co., No. 06-CV-2541, 2007 WL 2206903, at *3 (D. Ariz. July 30, 2007) (finding "the mere possibility of a punitive damages award insufficient" where defendant presented no evidence of jury verdicts in analogous cases or similar evidence that punitive damages would "more likely than not exceed the amount needed").

Here, defendant has not carried its burden of showing that significant punitive damages are likely to be awarded in this action; indeed, defendant has cited no factually similar cases where any punitive damages were awarded. Additionally, the Court notes that defendant persuasively argued in its motion to strike that plaintiff's request for punitive damages was not supported by the SAC's allegations. Dkt. 20-1 at 23–25. This significantly undermines defendant's reliance on punitive damages to invoke the jurisdiction of this Court. For these reasons, the Court declines to include punitive damages in its calculation of the amount in controversy, which remains $43,791.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-09019-CAS-PLA **JS-6** | Date | April 30, 2015 |
|---|---|---|---|
| Title | KATHLEEN M. GOMEZ v. CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, ET AL. | | |

Finally, plaintiff has requested injunctive relief. Defendants estimate the cost of implementing an injunction to be $350,000. Dkt. 27-4. Other courts have held this figure to be "speculative," "greatly overestimated," and "border[ing] on preposterous" based on similar facts. See Stelzer, 2013 WL 6795615, at *6; Perez, 2014 WL 338838, at *2; Salang, 2014 WL 334466, at *2. Following the reasoning of these courts, this Court finds that defendant's estimate of the injunction's value is overstated. The Court also agrees with these sister courts that the cost of an injunction would not exceed "a few thousand dollars" because CarMax already collects the information it would be ordered to convey to its customers, and collects it in a form which could easily be photocopied and handed to those customers. Because CarMax has not shown that the cost of injunctive relief would exceed $31,209 (the amount needed to exceed $75,000 given the amount placed in controversy by other demands for relief described above), the Court concludes that CarMax has failed to meet its burden of proving the requisite amount in controversy at the time of removal.

### III. CONCLUSION

In accordance with the foregoing, the Court hereby **REMANDS** this case to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | | PG |